UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH CURRY, RICARDO MAZZITELLI, JACQUELINE BROWN PILGRIM,<br><br>Plaintiffs,<br><br>- against -<br><br>GRC SOLUTIONS, LLC AND PGX, LLC,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**Jury Trial Requested** |

Plaintiffs, Ricardo Mazzitelli ("Mazzitelli"), Kenneth Curry ("Curry"), and Jacqueline Brown Pilgrim ("Pilgrim") (collectively "Plaintiffs"), by and through their undersigned counsel, allege as follows:

## JURISDICTION AND VENUE

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has jurisdiction over Plaintiffs' New York state law claims pursuant to 28 U.S.C. § 1367, because Plaintiffs' state law claims arise from substantially the same factual nexus as their FLSA claims.

2.      Venue is proper in the Southern District of New York because the events forming the basis of this suit occurred in this District.

## PARTIES

3.      Plaintiff CURRY is a citizen of the state of Georgia and worked for Defendants as an anti-money laundering investigator in Manhattan, New York from approximately October 9, 2017 to August 26, 2018.

1

4. Plaintiff MAZZITELLI is a citizen of the state of Florida and worked for Defendants as an anti-money laundering quality assurance lead and team lead in Manhattan, New York, from approximately July 2017 to February 2018.

5. Plaintiff PILGRIM is a citizen of the state of Florida and worked for Defendants as an anti-money laundering investigator in Manhattan, New York, from approximately April 27, 2018 to June 11, 2018.

6. At all times material hereto, Defendant GRC Solutions, LLC ("GRC"), was and continues to be, a New Jersey Limited Liability Company with its principal place of business located in East Brunswick, New Jersey.

7. At all times material hereto, Defendant PGX, LLC ("PGX"), was, and continues to be, a New Jersey Limited Liability Company with its principal place of business located in East Brunswick, New Jersey.

8. At all times material hereto, each of the Defendants was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA and NYLL.

9. Upon information and belief, each Defendant's annual gross revenue exceeds $500,000 per year.

## STATEMENT OF FACTS

10. On August 27, 2020, Plaintiffs commenced a putative class and collective action (the "Wage Action") in this Court against Defendants and additional entities asserting violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

11. Specifically, in the Wage Action Plaintiffs alleged that Defendants failed to pay them and similarly situated employees an overtime premium when they worked more than 40

hours per week, in violation of the FLSA and NYLL, and failed to provide them and similarly situated employees with the wage notices and wage statements required under the NYLL.

12. On January 5, 2021, Defendants asserted crossclaims in the Wage Action against each Plaintiff, their respective business entities, and Plaintiff Brown-Pilgrim's husband (collectively, the "Crossclaim Defendants").

13. GRC asserted breach of contract crossclaims against Plaintiffs Curry and Mazzitelli's business entities and an indemnification crossclaim against Plaintiff Curry's business entity.

14. PGX asserted breach of contract crossclaims against Plaintiffs Curry and Brown-Pilgrim's business entities and an indemnification crossclaim against Plaintiff Brown-Pilgrim's business entity.

15. PGX asserted fraudulent conveyance crossclaims against Plaintiffs Curry and Brown-Pilgrim; Plaintiffs Curry and Brown-Pilgrim's business entities; and Plaintiff Brown-Pilgrim's husband.  GRC also asserted fraudulent conveyance crossclaims against Plaintiff Curry and his business entity.

16. The breach of contract crossclaims alleged that Plaintiffs' companies breached their contracts with GRC and PGX by failing to pay Plaintiffs in accordance with the FLSA and NYLL, and the indemnification crossclaims sought indemnification for any liability in the Wage Action.

17. Thus, both the breach of contract and indemnification crossclaims effectively sought to shift liability for Defendants' FLSA and NYLL violations to Plaintiffs' companies.

18. These claims were frivolous because these types of indemnification provisions violate public policy.

19. Indeed, presumably in recognition of the frivolous nature of these claims, Defendants amended their crossclaims on February 16, 2021. The amendment (1) removed all crossclaims asserted by GRC; (2) removed the indemnification crossclaims; and (3) altered PGX's breach of contract crossclaims against Plaintiffs Curry and Brown-Pilgrim's companies to seek reimbursement of PGX's attorneys' fees and costs incurred in defending the Wage Action.

20. However, the amended crossclaims remained frivolous and violative of public policy, as set forth in Plaintiffs' subsequent motion to dismiss the crossclaims. Specifically, as amended, the breach of contract crossclaims chill the assertion of FLSA and NYLL rights and violate the fee-shifting structure of the statutes.

21. Upon information and belief, the costs and legal fees PGX seeks to recover from Plaintiffs Curry and Brown-Pilgrim will run into the six figures and will likely exceed Plaintiffs Curry and Brown-Pilgrim's damages in the Wage Action. Accordingly, PGX's true purpose behind these crossclaims was to punish Plaintiffs for initiating the Wage Action and to deter other potential plaintiffs from joining the Wage Action.

22. In both the initial and the amended crossclaims, the fraudulent conveyance claims are based on the alleged dissolution of Plaintiffs Curry and Brown-Pilgrim's business entities after they were allegedly on notice that Defendants sought indemnification of their costs and legal fees in this action. As such, the fraudulent conveyance claims are derivative of the breach of contract and indemnification claims.

23. GRC's fraudulent conveyance crossclaim against Plaintiff Curry and his business entity was frivolous, as GRC had no valid breach of contract claim against Plaintiff Curry.

24. Similarly, because, as discussed *supra*, PGX's breach of contract claims against Plaintiffs Curry and Brown-Pilgrim are frivolous, so too are the derivative fraudulent conveyance claims.

25. Based on the foregoing, upon information and belief, Defendants' assertion of crossclaims was retaliatory and was intended to deter other potential plaintiffs in the Wage Action from asserting their own wage and hour claims.

## COUNT I

### FAIR LABOR STANDARDS ACT – RETALIATION

26. Plaintiffs reassert and reallege and paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. Plaintiffs Curry, Mazzitelli, and Brown-Pilgrim engaged in protected activity by asserting FLSA claims against Defendants in the Wage Action.

28. Defendants retaliated against Plaintiffs Curry, Mazzitelli, and Brown-Pilgrim by asserting frivolous and harassing crossclaims in the Wage Action.

29. Defendants PGX and GRC acted in knowing or reckless disregard of Plaintiffs' statutory right to be free of retaliation.

30. As a result of Defendants PGX's and GRC's unlawful conduct, Plaintiffs Curry, Mazzitelli, and Brown-Pilgrim are entitled to damages, including compensatory damages, punitive damages, post-judgment interest, and attorneys' fees and costs.

## COUNT II

### NEW YORK LABOR LAW – RETALIATION

31. Plaintiffs reassert and reallege and paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32. Plaintiffs Curry, Mazzitelli, and Brown-Pilgrim engaged in protected activity by asserting NYLL claims in the Wage Action.

33. Defendants retaliated against Plaintiffs Curry, Mazzitelli, and Brown-Pilgrim by asserting frivolous and harassing crossclaims in this action.

34. Defendants acted in knowing or reckless disregard of Plaintiffs' statutory right to be free of retaliation.

35. As a result of Defendants' unlawful conduct, Plaintiffs Curry, Mazzitelli, and Brown-Pilgrim are entitled to damages, including compensatory damages, liquidated damages, punitive damages, pre- and post-judgment interest, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Damages, including compensatory damages, liquidated damages, and punitive damages, for violations of 29 U.S.C. § 215 and N.Y. Lab. L. § 215;

B. Pre-judgment and post-judgment interest;

C. Reasonable attorneys' fees and costs of the action; and

D. Such other relief as this Court shall deem just and proper.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all counts so triable.

Dated: New York, New York  
       December 22, 2021

Respectfully submitted,

KLEIN LAW GROUP OF NY PLLC

By: /s/ Julia H. Klein  
    Julia H. Klein  
    120 East 79th Street, Suite 1A  
    New York, New York 10075  
    347.292.8170  
    jklein@kleinlegalgroup.com  
    Attorneys for Plaintiff