**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
KENNETH CURRY, RICARDO
MAZZITELLI, JACQUELINE BROWN
PILGRIM,

             Plaintiffs,

     v.

GRC SOLUTIONS, LLC AND PGX, LLC,

             Defendant.
------------------------------------------------------------X

Case No. 21-cv-11017 (LTS)(SLC)

**DEFENDANTS' ANSWER**

      Defendants GRC Solutions, LLC ("GRC") and PGX, LLC ("PGX") (collectively, GRC and PGX are referred to herein as "Defendants") by and through their attorneys, Fisher & Phillips LLP, Answer Plaintiffs Kenneth Curry ("Curry"), Ricardo Mazzitelli ("Mazzitelli") and Jacqueline Brown-Pilgrim's ("Brown-Pilgrim") (collectively Curry, Mazzitelli and Brown-Pilgrim are referred to herein as "Plaintiffs") Complaint ("Complaint") as follows:

## "JURISDICTION AND VENUE"

      1.     The allegations in Paragraph 1 of the Complaint constitute conclusions of law to which no response is required. To the extent any response is required, Defendants admit that Plaintiffs purport to assert claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), deny the remaining allegations in Paragraph 1 of the Complaint, and specifically deny that Plaintiffs are entitled to any of the relief sought.

      2.     The allegations in Paragraph 2 of the Complaint constitute conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

## PARTIES

3. Defendants deny the allegations set forth in Paragraph 3 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Curry's citizenship.

4. Defendants deny the allegations set forth in Paragraph 4 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Mazzitelli's citizenship.

5. Defendants deny the allegations set forth in Paragraph 5 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Brown-Pilgrim's citizenship.

6. The allegations set forth in Paragraph 6 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, GRC denies the allegations set forth in Paragraph 6 of the Complaint, and PGX denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7. The allegations in Paragraph 7 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, PGX admits that it is a New Jersey Limited Liability Company with its principal place of business located in East Brunswick, New Jersey, and denies the remaining allegations. GRC denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8. The allegations in Paragraph 8 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9. Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

**STATEMENT OF FACTS**

10. Defendants deny the allegations set forth in Paragraph 10 of the Complaint, except admit that Plaintiffs commenced a lawsuit against Defendants on August 27, 2020 (Dkt. No. 20-cv-06985) (LTS)(SLC) (the "Wage Action"), and refer the Court to the Complaint filed in the Wage Action for a complete and accurate statement of claims asserted by Plaintiffs.

11. Defendants deny the allegations set forth in Paragraph 11 of the Complaint, and refer the Court to the Complaint filed in the Wage Action for a complete and accurate statement of the claims asserted by Plaintiffs.

12. Defendants deny the allegations set forth in Paragraph 12 of the Complaint, except admit that, on January 5, 2021, Defendants asserted crossclaims against KDC Consulting, LLC and Curry in his capacity as its managing member, Mazzitelli Consulting, LLC, Mazzitelli Consulting Incorporated, Bropil Consulting, LLC and Jacqueline Brown Pilgrim and Dennis Brown-Pilgrim in their capacities as its managing members, and refer the Court to their Crossclaims in the Wage Action (ECF Dkt. No. 60) for a complete and accurate statement of these crossclaims.

13. Defendants deny the allegations set forth in Paragraph 13 of the Complaint, except admit that GRC filed crossclaims against KDC Consulting, LLC, Mazzitelli Consulting, LLC and Mazzitelli Consulting Incorporated, and refer the Court to their Crossclaims in the Wage Action (ECF Dkt. No. 60) for a complete and accurate statement of these crossclaims.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint, except admit that PGX filed crossclaims against KDC Consulting, LLC and Bropil Consulting, LLC, and refer the Court to their Crossclaims in the Wage Action (ECF Dkt. No. 60) for a complete and accurate statement of these crossclaims.

15. Defendants deny the allegations set forth in Paragraph 15 of the Complaint, except admit that PGX asserted crossclaims against Curry and KDC Consulting, LLC, Brown-Pilgrim and her husband Dennis Pilgrim and Bropil Consulting, LLC, and refer the Court to their Crossclaims in the Wage Action (ECF Dkt. No. 60) for a complete and accurate statement of these crossclaims.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint, and refer the Court to their Crossclaims in the Wage Action (ECF Dkt. No. 60) for a complete and accurate statement of these crossclaims.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint, and refer the Court to their Crossclaims in the Wage Action (ECF Dkt. No. 60) for a complete and accurate statement of these crossclaims.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

## COUNT I
## FAIR LABOR STANDARDS ACT-RETALIATION

26. In response to the allegations set forth in Paragraph 26 of the Complaint, Defendants repeat and reallege the responses set forth in Paragraphs "1-25" inclusive of their answer, as if fully set forth therein.

27. The allegations in Paragraph 27 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30. Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

## COUNT II
## NEW YORK LABOR LAW-RETALIATION

31. In response to the allegations set forth in Paragraph 31 of the Complaint, Defendants repeat and reallege the responses set forth in Paragraphs "1-30" inclusive of their Answer, as if fully set forth therein.

32. The allegations in Paragraph 32 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34. Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief listed in the WHEREFORE CLAUSE of the Complaint, or any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## DEFENSES

Defendants assert the following separate defenses, without assuming the burden of proof on any defense except as required by applicable law

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or the equitable doctrine of laches, waiver, unclean hands and/or estoppel.

## THIRD DEFENSE

Defendants acted reasonably and in good faith and based on legitimate non-retaliatory reasons with respect to Plaintiffs at all times pertinent hereto.

## FOURTH DEFENSE

To the extent Plaintiffs have suffered any damages or injuries, which Defendants deny, such damages or injuries were not caused by Defendants' actions or conduct.

## FIFTH DEFENSE

The Complaint is not actionable because Defendants did not violate the FLSA or NYLL.

### SIXTH DEFENSE

At all times, and in all manners, Defendants acted in accordance with any and all duties and obligations that they may have had under the FLSA and NYLL.

### SEVENTH DEFENSE

At all times, and in all manners, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA and NYLL.

### EIGHTH DEFENSE

Plaintiffs' claims for punitive damages are barred by applicable law.

### NINTH DEFENSE

Plaintiffs have failed to plead facts entitling them to recover punitive damages under any circumstance.

### TENTH DEFENSE

If Plaintiffs suffered any damages or losses, such damages or losses were caused, in whole or in part, by their own conduct, acts or omissions.

### ELEVENTH DEFENSE

Plaintiffs have not suffered any damages as a result of Defendants' alleged conduct.

### RESERVATION OF RIGHTS

Defendants reserve their rights to amend their answer and to assert any additional separate, affirmative and/or other defenses that may become available or apparent during the course of the investigation and/or discovery in this case.

WHEREFORE, Defendants respectfully request that this Court find Plaintiffs' allegations in the Complaint to be without merit, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered in Defendants' favor and against Plaintiffs, and that this Court award

Defendants their costs, reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
April 1, 2022

FISHER & PHILLIPS LLP

By: */s Seth D. Kaufman*
Seth D. Kaufman
Brian J. Gershengorn
Justin W. Reiter
The New York Times Building
620 Eighth Avenue, 36th Floor
New York, NY 10018
Tel. (212) 899-9960
Fax (212) 956- 1971
skaufman@fisherphillips.com
bgershengorn@fisherphillips.com
jreiter@fisherphillips.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
KENNETH CURRY, RICARDO
MAZZITELLI, JACQUELINE BROWN
PILGRIM,

        Plaintiffs,

v.

GRC SOLUTIONS, LLC AND PGX, LLC,

        Defendant.
---------------------------------------------------------------X

Case No. 21-cv-11017 (LTS)(SLC)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a copy of the following to be served upon all record counsel by the Courts electronic filing system on April 1, 2022:

    Defendants' Answer.

                                       *s/ Seth D. Kaufman*
                                       Seth D. Kaufman