UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH CURRY, RICARDO MAZZITELLI, JACQUELINE BROWN PILGRIM,<br><br>Plaintiffs,<br><br>- against -<br><br>GRC SOLUTIONS, LLC AND PGX, LLC,<br><br>Defendants. | Case No. 21 CV 11017<br><br>**Report of Rule 26(f) Conference and Proposed Case Management Plan** |

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Cave's Individual Practices, the parties met on May 3, 2022 (at least one week before the Initial Case Management Conference) and exchanged communications thereafter. The parties now submit the following report for the Court's consideration:

1. Court Expectations:

**Rule 1 and Rule 26(b)(1)**. Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality**. Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests**. Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

1

>   **Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**Counsel are directed to the Model Confidentiality Stipulation and Proposed Protective Order and Stipulation and [Proposed] Order Concerning the Protocol for Conducting Remote Depositions on Judge Cave's Individual Practices Page. Counsel represent by their signature below that they have read and will comply with the above.**

2.  **Summary of Claims, Defenses, and Relevant Issues**:

**Plaintiffs**: On August 27, 2020, Plaintiffs commenced a putative class and collective action (the "Wage Action") in this Court against Defendants and additional entities asserting violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). In the Wage Action Plaintiffs alleged that Defendants failed to pay them and similarly situated employees an overtime premium when they worked more than 40 hours per week, in violation of the FLSA and NYLL, and failed to provide them and similarly situated employees with the wage notices and wage statements required under the NYLL. On January 5, 2021, Defendants asserted various crossclaims in the Wage Action against each Plaintiff, their respective business entities, and Plaintiff Brown-Pilgrim's husband (collectively, the "Crossclaim Defendants"). Defendants amended their crossclaims on February 16, 2021, but are essentially seeking reimbursement of Defendant PGX's attorneys' fees and costs incurred in defending the Wage Action. Plaintiffs respectfully maintain that the amended crossclaims are frivolous, violative of public policy, chill the assertion of FLSA and NYLL rights, and violate the fee-shifting structure of the statutes. For these reasons, Plaintiffs maintain that the cross-claims are retaliatory and violate the FLSA and NYLL.

**Defendants**: On August 27, 2020, Plaintiffs commenced the Wage Action (20-cv-06985)(LTS)(SLC) in this Court against Defendants alleging violations of the FLSA and NYLL. On February 16, 2021 in the Wage Action, PGX filed asserted breach of contract and fraudulent conveyance crossclaims against KDC Consulting, LLC ("KDC") and Curry in his capacity as its managing member, Bropil Consulting, LLC ("Bropil") and Brown-Pilgrim and Dennis Pilgrim in their respective capacities as Bropil's managing members ("Crossclaim Defendants").

In sum, PGX's crossclaims are not retaliatory and do not violate the FLSA. Previously, PGX entered into valid and enforceable contracts, supported by sufficient consideration, with both KDC and Bropil. Rather than honor their contractual commitments to PGX, both KDC and Bropil dissolved their respective entities in an effort to avoid their contractual obligations to PGX..While Crossclaim Defendants filed a motion to dismiss PGX's crossclaims in the Wage Action on March 2, 2021, the Court has not yet decided that motion. However, even assuming that this Court were to grant Crossclaim Defendants' motion to dismiss in the Wage Action, such a decision would not establish that PGX's crossclaims were frivolous, retaliatory or violated the FLSA in anyway. Moreover, Plaintiffs will not be able to establish any damages even if they were to prove retaliation, which they cannot.

3.   **Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction)**: This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has jurisdiction over Plaintiffs' New York state law claims pursuant to 28 U.S.C. § 1367, because Plaintiffs' state law claims arise from substantially the same factual nexus as their FLSA claims.

4. **Subjects on Which Discovery May Be Needed**:

**Plaintiffs**: Plaintiffs will seek discovery of all documents and communications concerning Defendants' assertion of the crossclaims against Plaintiffs and the merit or lack thereof of those claims. Plaintiffs will also seek discovery concerning the damages Defendants seek for the crossclaims.

**Defendants**: Defendants will be seeking discovery regarding communications between Plaintiffs Curry, Brown-Pilgrim and Mazzitelli and the plaintiffs who have opted into the Wage Action regarding this action and the Wage Action. Additionally, Defendants will be seeking documents regarding the business entities of the Plaintiffs and the plaintiffs who have opted into the Wage Action, as well as any documents reflecting any transactions or agreements these plaintiffs or their respective business entities have entered into. In addition, Defendants will be seeking discovery into any purported damages suffered by Plaintiffs.

5. **Informal Disclosures**:

Plaintiff[s] will disclose the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure no later than May 25, 2022. On June 8, 2022, Plaintiff[s] [produced/will produce] an initial set of relevant documents identified in [its/their] Initial Disclosures and will continue to supplement [its/their] production.

Defendant[s] will disclose the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure no later than May 25, 2022. On June 8, 2022, Defendant[s] [produced/will produce] an initial set of relevant documents identified in [its/their] Initial Disclosures and will continue to supplement [its/their] production.

6. **Discovery Plan**:

The parties jointly propose to the Court the following discovery plan:

A.     All fact discovery must be completed by November 30, 2022. Within one week of the close of fact discovery, that is December 7, 2022, the parties must file a joint letter on the docket certifying that fact is discovery is complete.

B.     The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and Judge Cave's Individual Practices. The following interim deadlines may be extended by the parties on written consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in paragraph 6(A) above.

   i.     **Depositions**: Depositions shall be completed by October 30, 2022 and limited to no more than 10 depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

   ii.    **Interrogatories**: Initial sets of interrogatories shall be served on or before June 8, 2022. All subsequent interrogatories must be served no later than 30 days before the fact discovery deadline.

   iii.   **Requests for Admission**: Requests for admission must be served on or before July 22, 2022, and in any event no later than 30 days before the fact discovery deadline.

   iv.    **Requests for Production**: Initial requests for production were/will be exchanged on June 8, 2022 and responses shall be due on July 6, 2022. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

   v.     **Supplementation**: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information, and in any event, no later than the fact discovery deadline.

7. **Anticipated Discovery Disputes**:

Describe any anticipated discovery disputes or proposed limitations on discovery: No discovery disputes are contemplated at this time, but each party reserves their right to raise any such disputes in accordance with Your Honor's individual rules of practice.

8. **Amendments to Pleadings**:

a. Does any party anticipate amending the pleadings? Not at this time.

b. Last date to amend any pleading pursuant to Fed. R. Civ. P. 15(a) is August 1, 2022. Amendment of pleadings after this date will only be permitted upon a showing of "good cause" under Fed. R. Civ. P. 16(b)(4).

9. **Expert Witness Disclosures**:

   a. Does any party anticipate utilizing experts? Not at this time, but each party reserves the right to utilize an expert.

   b. Expert discovery shall be completed by January 10, 2023. Within one week of the close of expert discovery, that is, January 17, 2023, the parties must file a joint letter on the docket certifying that all discovery is complete. This letter should also state which dispositive motions, if any, each party intends to file.

10. **Electronic Discovery and Preservation of Documents and Information:**

   a. Have the parties discussed discovery of electronically stored information (ESI)? Yes, in connection with the underlying Wage Action.

   b. Is there an ESI discovery protocol in place? If not, the parties expect to have one in place by July 1, 2022.

      c.      Are there issues the parties would like to address concerning preservation of evidence and/or ESI discovery at the Initial Case Management Conference? Not at this time.

11. **Early Settlement or Resolution**:

The parties have/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than August 30, 2022. The following information is needed before settlement can be discussed: The parties mediated the underlying Wage Action on April 25, 2022, which would encompass the resolution of this matter. The parties' settlement discussions are ongoing.

12. Trial:

    a.    The parties anticipate that this case will be ready for trial by February 15, 2023.

    b.    The parties anticipate that the trial of this case will require 3 days.

    c.    The parties do/do not (circle one) consent to a trial before a Magistrate Judge at this time.

    d.    The parties request a jury/bench (circle one) trial.

13. Other matters: The Court will hold a telephone status conference, jointly with Case No. 20-cv-6985, on **Tuesday, August 16, 2022 at 2:00pm**. The Parties are directed to call the Court's conference line at 866-390-1828, access code, 380-9799, at the scheduled time.

Dated: New York, New York  
       May 11, 2022

SO ORDERED.

_____  
SARAH L. CAVE  
United States Magistrate Judge

Respectfully submitted,

KLEIN LAW GROUP OF NY PLLC

By: /s/ Julia H. Klein
    Julia H. Klein
    120 East 79th Street, Suite 1A
    New York, New York 10075
    347.292.8170
    jklein@kleinlegalgroup.com
    Attorneys for Plaintiffs

JOSEPH & KIRSCHENBAUM LLP

By: /s/ Denise Schulman
    Denise Schulman
    32 Broadway
    Suite 601
    New York, NY 10004
    Tel: 212-688-5640
    denise@jk-llp.com
    Attorneys for Plaintiffs

ROLLER LAW GROUP

By: /s/ Melissa Mazzitelli
Melissa Mazzitelli
801 NE 167th Street
2nd Floor
N. Miami Beach, FL 33162
Tel: 954.828.0333
MMazzitelli@roller.law
Attorneys for Plaintiffs

FISHER & PHILLIPS LLP

By: /s/ Seth Kaufman
Seth Kaufman
Brian Gershengorn
Justin Reiter
The New York Times Building
620 Eighth Avenue, 36th Floor
New York, NY 10018
skaufman@fisherphillips.com
(212) 899-9975
Attorneys for Defendants